**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Timothy Cleveland, | Case No. 2:26-cv-01263-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| First Light at Old Vegas Ranch HOA, | |
| Defendant. | |

Pro se Plaintiff Timothy Cleveland has filed an application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice.

**I.    Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

On his application, Plaintiff claims to make no income from employment or any other source other than $5,600.00 that his family paid on his behalf to a hospital for his surgery. Plaintiff claims to have no money and to have no bills and no debts. However, Plaintiff also claims to own a piece of real estate which was valued at $198,000.00 in 2016. It is unclear to the Court how Plaintiff lives given his claim to have no income, no bills, and no debts. This is particularly true given Plaintiff's claim to own real estate, but to not pay any bills related to that real estate and to owe no mortgage debt related to it. Plaintiff also lists his address as a P.O. box, which costs money to rent. But Plaintiff does not list his P.O. box payments on his application.

Given Plaintiff's dubious claims to have no income and no bills whatsoever, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application on this Court's Long Form application. *See Greco v. NYE County Dist. Jude Robert Lane*, No. 2:15-cv-01370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016) *report and recommendation adopted sub nom. Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016) (explaining that "when an applicant is specifically ordered to submit the Long Form, the correct form must be submitted *and* the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status") (emphasis in original). The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of

the questions.  Plaintiff also may not leave any questions blank.  Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice.  The Court gives Plaintiff 30 days to file an updated application.  Plaintiff must fully answer all applicable questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **May 29, 2026,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee.  Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Long Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: April 29, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 239.