**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Timothy Cleveland,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>First Light at Old Vegas Ranch HOA,<br><br>　　　　　　Defendant. | Case No. 2:26-cv-01263-JAD-DJA<br><br>**Order** |

Before the Court is pro se Plaintiff Timothy Cleveland's second application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 5). However, Plaintiff's application is missing certain information and also includes confusing responses to certain questions. The Court thus denies Plaintiff's application without prejudice.

Also before the Court is Plaintiff's motion to transfer venue. (ECF No. 6). However, because Plaintiff's complaint has not yet passed screening, his motion is premature. The Court therefore denies it without prejudice.

**I.      Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).  If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*.  *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").  "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016).  Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application.  *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

The Court previously ordered that Plaintiff could not leave any questions blank or respond with a zero or "not applicable" without explanation.  (ECF No. 4).  However, in response to question 1, Plaintiff has left multiple portions blank.  Most notably, Plaintiff has indicated that in the past twelve months he has received $298.00 in public assistance.  But he has left the box blank where he would indicate if he is expecting to receive public assistance in the next month.  Given the fact that Plaintiff has left nearly every other box blank on that particular page, it is unclear if he is reporting that he does not expect to receive public assistance in the next month or not.

In response to question 4, Plaintiff claims to have $50,000.00 in a bank account or financial institution.  Plaintiff writes that the financial institution is the USDA Farm Service Agency and that the type of account is a 2016 USDA Determination.  It is not clear from Plaintiff's response whether he has access to this money or not such that it would disqualify him from *in forma pauperis* status.  In any renewed application, Plaintiff must further describe the financial institution and type of account he lists.

In response to question 5, Plaintiff lists real estate valued at $198,000.00 as an asset, but does not list a home.  He also leaves a large portion of the question blank.  However, in response to question 8, Plaintiff claims to pay $650,000.00 per month in home maintenance.  This contradicts his response to question 5 in which he fails to list a home as an asset.

Plaintiff's response to question 8 is also confusing.  $650,000.00 per month is an extremely high amount to pay for home maintenance.  And, to the extent it is correct, it undermines Plaintiff's claim that he cannot pay the filing fee.  It is also unclear how Plaintiff makes these payments given his claim that his only monthly income is $298.00 in public assistance.  Plaintiff also does not list a monthly mortgage but provides no explanation.  So, it is not clear if his home is paid off or if he simply failed to list his mortgage.  Plaintiff also asserts that his monthly medical and dental expenses are $40,000.00; that his monthly transportation expenses are $14,500.00; that his monthly business operating expenses are $112,500.00[1]; and that the monthly operating expenses for "Associated Urban Ranch House" are $22,500.00.  Again, it is unclear how or if Plaintiff pays these bills with his public assistance alone.  In the box asking Plaintiff to list his insurance payments, Plaintiff writes that his homeowner's or renter's insurance is "[b]ased on commodity sales," but writes that he pays $0 per month.  This answer does not make sense and requires further explanation.  The same is true of what Plaintiff writes for his health insurance—"California Dept. of Health"—and what he claims to pay—$0.

In response to question 9, Plaintiff checks the box indicating that he expects a major change to his monthly income or expenses or in his assets or liabilities in the next twelve months.  But he does not describe these changes on an attached sheet as required by the question.

In response to question 11, Plaintiff asserts that the information he provided in response to the form "is a conservative forward-looking financial statement based on settlement with the United States Department of Agriculture, pending transfer of Case No. 2:25-cv-02379-GMN-NJK

---

[1] Plaintiff also fails to attach a detailed statement regarding these expenses as required by the question.

to the District of Columbia." This answer is confusing, particularly because the case Plaintiff references has been dismissed.

Given Plaintiff's dubious responses to questions, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one last opportunity to file a complete *in forma pauperis* application on this Court's Long Form application. *See Greco v. NYE County Dist. Jude Robert Lane*, No. 2:15-cv-01370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016) *report and recommendation adopted sub nom. Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016) (explaining that "when an applicant is specifically ordered to submit the Long Form, the correct form must be submitted *and* the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status") (emphasis in original). The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. The Court further denies Plaintiff's motion for transfer of venue (ECF No. 6) as premature because Plaintiff's complaint has not yet passed screening.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **July 10, 2026,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed. **This will be Plaintiff's last opportunity to file a complete *in forma pauperis* application or pay the filing fee.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to transfer venue (ECF No. 6) is **denied without prejudice as premature.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order and of the Long Form application to proceed *in forma pauperis* and its instructions.[2]

DATED: June 10, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 239.