**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Timothy Cleveland,

Plaintiff

v.

First Light at Old Ranch HOA,

Defendant

Case No.: 2:26-cv-01263-JAD-DJA

**Order Overruling Plaintiff's Objection to Magistrate Judge Ruling and Denying Motion for a Temporary Restraining Order**

[ECF Nos. 10, 11, 12]

Timothy Cleveland seeks to proceed in forma pauperis (IFP)—without paying the filing fee—in this action.[1] But he didn't provide sufficient information to determine whether he meets the standard for that relief, so the magistrate judge ordered him to fill out and file a "long-form" application explaining his income and expenses.[2] Cleveland filed that form, but the magistrate judge denied that version too, explaining that Cleveland's responses were confusing and inconsistent.[3] Cleveland objects to the magistrate judge's determination and seeks a temporary restraining order "to preserve [the] status quo."[4] I deny Cleveland's motions and direct him to file a long-form IFP application that complies with the magistrate judge's order by November 27, 2026.

[1] ECF No. 1.

[2] ECF No. 4.

[3] ECF No. 8.

[4] ECF Nos. 10, 11, 12. These separate docket entries are identical. I cite to ECF No. 10 throughout this order.

## Discussion

### A. Cleveland's objections to the magistrate judge's IFP order are overruled.

A district judge may designate a magistrate judge "to hear and determine any pretrial matter pending before the court" (like an IFP application) or to recommend how the district judge should rule on a dispositive issue (like dismissal).[5] When a litigant challenges a magistrate judge's ruling on a non-dispositive matter, the district judge may reconsider that ruling "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[6] This standard of review "is significantly deferential" to a magistrate judge's determination[7] and requires "a definite and firm conviction that a mistake [of fact] has been committed"[8] or a relevant statute, law, or rule has been omitted or misapplied.[9]

The magistrate judge denied Cleveland's second IFP application because his responses to the application's questions were "dubious."[10] For example, Cleveland reported that his monthly expenses included $650,000 in home-maintenance costs, $40,000 in medical and dental expenses, $14,500 in transportation costs, and $112,500 in business-operation expenses.[11] The magistrate judge concluded that those reported costs were "extremely high" and didn't support Cleveland's claim that he is unable to pay the filing fee.[12] Cleveland also claimed to have

---

[5] 28 U.S.C. § 636 (b)(1); Local Rule (L.R.) IB 3-1.

[6] L.R. IB 3-1(a).

[7] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

[8] *Id.* (internal quotation marks omitted).

[9] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[10] ECF No. 8 at 4.

[11] *Id.* at 3.

[12] *Id.*

$50,000 in a bank account but failed to explain "whether he has access to this money or not such that it would disqualify him from *in forma pauperis* status."[13] The magistrate judge ordered Cleveland to file a new application that cured the identified defects.[14]

Cleveland objects to that order. He contends that the magistrate judge "appears to place undue weight on speculative future agricultural projections rather than [his] present financial condition" by assuming that the $50,000 bank asset he listed was an "accessible cash account."[15] Cleveland explains that it isn't, describing it instead as financial assistance that has been withheld by the USDA Farm Service Agency.[16] He also contends that he reported his "EBT and MediCal benefits" on the IFP form, showing that he has met California's financial-eligibility requirements "for essential food and medical assistance," and the magistrate judge should have concluded that such information was sufficient to satisfy the IFP standard.[17]

I overrule Cleveland's objection. The magistrate judge did not consider his listed $50,000 bank account as an asset to support denying IFP status. He instead noted that Cleveland didn't explain whether he had access to that the funds in that account, and thus the magistrate judge couldn't determine whether it should be considered when deciding the IFP application. And Cleveland did not explain in his long-form IFP application that the $298 in "public assistance" he listed consisted of EBT or MediCal funds, so the magistrate judge could not have erred in failing to consider that. Plus, the defects that the magistrate judge identified transcend the specific objections Cleveland raises. He claims that he spends fantastical amounts of money on

---

[13] *Id.* at 2.

[14] *Id.* at 4.

[15] ECF No. 10 at 3.

[16] *Id.*

[17] *Id.*

things that simply can't cost that much (i.e., $650,000 *a month* on home maintenance, $40,000 *a month* on medical and dental expenses, etc.) but only brings in $298 a month in public assistance. This doesn't make any sense, so the magistrate judge ordered Cleveland to give it another try. That determination was not erroneous.[18]

I grant Cleveland an additional extension of time to file a renewed long-form IFP application. In it, he must explain whether he has access to the $50,000 account he listed in his last application. Cleveland must take care to ensure that he is reporting his actual monthly income and expenses on the form. If he needs to provide more information than the space on the form allows, he may add additional pages to explain his responses.

**B. Cleveland's requests to present evidence and for a temporary restraining order are denied.**

In his objection motion, Cleveland also seeks a "request for [a] reasonable opportunity to present evidence" in this case.[19] He contends both that such evidence goes to the merits of his case and to support his IFP application. I deny that request as procedurally immature. This case is in its earliest stages and, if Cleveland's renewed IFP application is granted, his complaint still awaits screening by the magistrate judge before any further steps (like serving the defendants and beginning discovery) may be taken. Cleveland may attach any documents he deems relevant to his IFP status to his renewed long-form application.

---

[18] Cleveland also contends, without explanation or legal support, that the magistrate judge's requirement that he file another long-form IFP application "infringes upon [his] freedom of speech to properly illustrate ongoing harm." ECF No. 10 at 2. To the extent Cleveland intends to argue that requiring IFP information to file a lawsuit violates the First Amendment, I find that it does not. *See Nicholas v. Tucker*, 114 F.3d 17, 21 (2d Cir. 1997) (rejecting constitutional challenges to IFP provisions); *Taylor v. Delatoore*, 281 F.3d 844, 848 (9th Cir. 2002) (finding that fee-filing requirements "pass constitutional muster," citing *Nicholas* as support).

[19] ECF No. 10 at 4.

Cleveland also seeks a temporary restraining order (TRO) prohibiting the defendants from "initiating or completing foreclosure-related actions" of Betty Cleveland's real-estate interests, "recording additional liens" based on disputed HOA fees, and "enforcing attorney-fee claims."[20] A TRO is an "extraordinary" remedy that is "never awarded as of right."[21] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."[22] Cleveland's TRO motion does not engage in this analysis or explain why he is entitled to the relief he seeks. So I deny his motion.

Cleveland is further admonished to familiarize himself with this district's local rules, available on the court's website at https://www.nvd.uscourts.gov. These rules require litigants to file a separate document for "each type of relief requested or purpose of the document."[23] Cleveland's motion, which contains an objection, a request to present evidence, a request for the appointment of counsel,[24] and a TRO motion, should not have been filed as one document but rather as four separate motions.

---

[20] *Id.* at 10.

[21] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[22] *Id.* at 20.

[23] L.R. IC 2-2(b).

[24] I deny this request without prejudice to Cleveland's ability to refile a motion seeking only this relief.

## Conclusion

IT IS THEREFORE ORDERED that Cleveland's objection to the magistrate judge's order **[ECF Nos. 10, 11] is OVERRULED**. Cleveland must file a long-form IFP application that complies with this order and the magistrate judge's instructions by **November 27, 2026**.

IT IS FURTHER ORDERED that Cleveland's motion for a temporary restraining order **[ECF No. 12] is DENIED.**

_______________________________
U.S. District Judge Jennifer A. Dorsey
October 27, 2026